UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VELMON BRASWELL | : | CIVIL NO. 3:11CV1565 (RNC)(DFM) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| CONLEY, ET AL | : | |
| *Defendants* | : | MAY 21, 2012 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND CROSS-MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE PLAINTIFF'S PRODUCTION REQUESTS UNTIL AFTER THE APPOINTMENT OF COUNSEL, AS GRANTED IN THIS COURT'S ORDER (DKT #13)**

The defendants oppose the plaintiff's Motion to Compel Discovery, filed on May 10, 2012, (Dkt # 16), on the grounds that; (1) this Court has already granted the defendants an extension of time to respond to the plaintiff's First Set of Interrogatories until after the appointment of counsel, (Dkt # 15); and (2) the instant Cross-Motion seeks the same relief with respect to the plaintiff's Production requests.

Indeed, given that this Court has already recognized the efficiency that will result from an extension of time to respond to the *pro se* plaintiff's interrogatory requests until after counsel has been appointed, it makes little sense to not make the same ruling with respect to the plaintiff's Production requests.  This is especially true since the plaintiff admitted in his application for the appointment of counsel that he needed an attorney to get even more discovery from the defendants.  Indeed.  In that application he wrote that he: "need[s] to get attorney appointed and *to help me get more info from the defendants* and also other thing not given to me due to me being a prisoner *so with attorney I could get more discovery* that has been with hold (sic) from

me." (Emphasis added). (Dkt. # 12). And this Court granted that motion. (Dkt #13).

Therefore, pursuant to Rule 7(b) of the United States Federal Rules of Civil Procedure, the defendants respectfully move for an extension of time to respond to the plaintiff's January, 2012, Production requests until after the plaintiff has been appointed counsel and that counsel has had an opportunity to familiarize themselves with the facts of the case. If granted, this motion will save both this Court, and the defendants, unnecessary time and effort, as counsel will be able streamline and draft relevant requests, thereby resulting in less objections and potential involvement of the court in discovery disputes. As often is the case with a *pro se* plaintiff, their discovery requests are often not as articulately drafted as that of an attorney, and subsequent discovery requests of appointed counsel end up duplicating or overlapping earlier requests, thereby causing extra and sometimes duplicative efforts by the defendants to comply, thereby wasting valuable time and resources.

If this motion is granted, the plaintiff will not be prejudiced, because his appointed attorney will seek discovery from the defendants which will likely be more relevant and extensive and perhaps less objectionable as the requests now pending. If this motion is denied however, the defendants will be prejudiced as they will not only have to expend time and effort to respond to the relevant questions of the plaintiff, but may also interpose objections, and more than likely will need to respond to additional, and perhaps overlapping, discovery when the plaintiff is appointed counsel. Plus, this Court has already granted the defendants an extension of time until after counsel is appointed to respond to his interrogatory requests, so it makes sense for this Court to issue the same Order with respect to his demand for production.

The plaintiff is incarcerated and thus cannot be reached for comment on this motion.

Therefore, for the foregoing reasons, the defendants respectfully request that both their Objection to the Plaintiff's Motion to Compel Discovery, and Cross-Motion for an Extension of Time to Respond to the Plaintiff's Production Requests until After Counsel has been Appointed, be granted.

 

DEFENDANTS

Conley, et al

GEORGE JEPSEN
ATTORNEY GENERAL

BY:  /s/  
Robert B. Fiske, III  
Assistant Attorney General  
Federal Bar No. 17831  
110 Sherman Street  
Hartford, CT  06105  
Tel: (860) 808-5450  
Fax: (860) 808-5451  
e-mail: robert.fiske@ct.gov

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was mailed, this the 21rst day of May, 2012, to the following by first class postage:

Mr. Velmon Braswell, #113932  
Cheshire Correctional Institution  
900 Highland Avenue  
Cheshire, CT 06410

 /s/  
Robert B. Fiske, III  
Assistant Attorney General