UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VELMON BRASWELL,<br>    PLAINTIFF | CIVIL NO. 3:11CV1565(RNC) |
| V. | |
| VICTOR CORELY, ET AL<br>    DEFENDANTS | SEPTEMBER 17, 2013 |

### THE DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the defendants; Victor Corely, Joseph Suda, Keith Birch, Genaro Alvarado, Peter Ferraro, Jason Walker, Samuel Rosario, Mark Cornish, Troy Pivarnik, Victor Davila, Edward Martinez, and Norberto Caribe, hereby file their Answer with Affirmative Defenses to the plaintiff's Complaint, filed May 13, 2013, (Dkt #30), as follows:

**The Parties:**

1– 19.  As to the allegations contained in paragraphs one through and including nineteen, of the Complaint, they are admitted.

**COUNT ONE: ALLEGED USE OF FORCE**

1-19.  The Defendants hereby restate and reassert their answers to paragraphs 1 through 19 as if fully set forth herein.

20.  The allegation "proceeded", contained in paragraph twenty of this section of the Complaint, it is denied; but all remaining allegations contained therein are admitted.

21. As to the allegations contained in paragraph twenty-one of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

22. As to the allegations contained in paragraph twenty-two of the Complaint, that "Marshal Walker and Marshal Ferraro escorted the Plaintiff" and "into the courtroom", they are admitted; but the defendants deny knowledge or information sufficient to form a belief as to all remaining allegations contained therein and leave the plaintiff to his proof.

23. As to the allegations contained in paragraph twenty-three of the Complaint, that "[b]efore proceeding into the courtroom, the marshals handcuffed the Plaintiff" they are admitted; but the defendants deny knowledge or information sufficient to form a belief as to all remaining allegations contained therein and leave the plaintiff to his proof.

24. As to the allegation contained in paragraph twenty-four of the Complaint, that "[i]n the courtroom, the plaintiff [ ] wished to dismiss his counsel and to proceed pro se", it is admitted; but the defendants deny knowledge or information sufficient to form a belief as to all remaining allegations contained therein and leave the plaintiff to his proof.

25. As to the allegations contained in paragraph twenty-five of the Complaint, they are denied as inaccurate and incomplete and the plaintiff is left to his proof.

26. As to the allegations contained in paragraph twenty-six of the Complaint, they are denied as inaccurate and incomplete and the plaintiff is left to his proof.

27. As to the allegations contained in paragraph twenty-seven of the Complaint, they are denied.

28. As to the allegations contained in paragraph twenty-eight of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

29. As to the allegation "the plaintiff asked for medical attention" contained in paragraph twenty-nine of the Complaint, it is admitted; but, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

30. As to the allegation "for evaluation and treatment" contained in paragraph thirty of the Complaint, the defendants deny knowledge or information sufficient to form a belief; but admit all remaining allegations therein.

31. As to the allegation contained in paragraph thirty-one of the Complaint, that "[i]n 1996 the plaintiff had surgery performed on the left wrist", the defendants deny knowledge or information sufficient to form a belief; but all remaining allegations contained therein are denied and the plaintiff is left to his proof.

32. The allegation "proceeded" contained in paragraph thirty-two of the Complaint is denied; but all remaining allegations contained therein are admitted.

33. As to the allegation contained in paragraph thirty-three of the Complaint, the defendants admit that "[u]pon arrival at the courthouse in the morning, the plaintiff

was placed in a cell"; but deny knowledge or information sufficient to form a belief as to all remaining allegations contained therein and leave the plaintiff to his proof.

34.   As to the allegations contained in paragraph thirty-four of the Complaint, the defendants admit that "Marshal Rosario and Marshal Cornish arrived to take the Plaintiff from the [ ] cell into the courtroom"; but deny the allegations that "[t]hey used excessive force when handcuffing the Plaintiff's hands behind his back"; and deny knowledge or information sufficient to form a belief as to all remaining allegations contained therein and leave the plaintiff to his proof.

35.  As to the allegations contained in paragraph thirty-five of the Complaint, they are denied.

36.  As to the allegations contained in paragraph thirty-six of the Complaint, they are denied.

37.  As to the allegations contained in paragraph thirty-seven of the Complaint, they are denied.

38.  As to the allegations contained in paragraph thirty-eight of the Complaint, they are denied.

39.  As to the allegations contained in paragraph thirty-nine of the Complaint, they are denied.

40.  As to the allegations contained in paragraph forty of the Complaint, they are admitted.

41. As to the allegations contained in paragraph forty-one of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

42. As to the allegations contained in paragraph forty-two of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

43. As to the allegations, "who filled out a written complaint form", contained in paragraph forty-three of the Complaint, they are denied; but all remaining allegations contained therein are admitted.

44. As to the allegations contained in paragraph forty-four of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

45. As to the allegations contained in paragraph forty-five of the Complaint, they are denied as inaccurate and incomplete and the plaintiff is left to his proof.

46. As to the allegations contained in paragraph forty-six of the Complaint, they are denied.

47. As to the allegations contained in paragraph forty-seven of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

48. As to the allegation contained in paragraph forty-eight of the Complaint, the defendants admit that "on 7-27-10 the Plaintiff was placed in cell 17"; but deny

knowledge or information sufficient to form a belief as to all remaining allegations contained therein and leave the plaintiff to his proof.

49.  As to the allegations contained in paragraph forty-nine of the Complaint, the defendants admit that "on 7-27-10 Marshal Pivanik and Marshal Davilla arrived to take the Plaintiff from the holding cell into the courtroom for his court appearance."

50.  As to the allegation, "refused to proceed into the courtroom", contained in paragraph fifty of the Complaint, it is admitted; but all remaining allegations contained therein are denied and the plaintiff is left to his proof.

51.  As to the allegations "medication", "entered the holding cell", and "indicated that he was in pain from the injuries he suffered on April 28, 2010 and July 20, 2010", contained in paragraph fifty-one of the Complaint, they are denied; but all remaining allegations contained therein are admitted.

52.  As to the allegation "refused to return" contained in paragraph fifty-two of the Complaint, it is admitted; the allegations "[t]hose supervisors" the defendants deny knowledge or information sufficient to form a belief; and all remaining allegations contained therein are denied.

53.  As to the allegations "Supervisor Birch, Marshal Martinez and Lead Marshal Alvarado", and "[t]hey shackled his feet", contained in paragraph fifty-three of the Complaint, they are denied; and  the defendants deny knowledge or information sufficient to form a belief as to all remaining allegations contained therein and leave the plaintiff to his proof.

54.   As to the allegation "Defendants then picked the Plaintiff up", contained in paragraph fifty-four of the Complaint, it is admitted; but all remaining allegations contained therein are denied.

55.   As to the allegations contained in paragraph fifty-five of the Complaint, that the "Defendants then carried the Plaintiff" and "toward the elevator" they are admitted; but all remaining allegations contained therein are denied.

56.   As to the allegations contained in paragraph fifty-six of the Complaint, they are denied.

57.   As to the allegations "those" and "which caused him additional pain and injuries to his arms, hands and legs", contained in paragraph fifty-seven of the Complaint, they are denied; but all remaining allegations contained therein are admitted.

58.   As to the allegations contained in paragraph fifty-eight of the Complaint, they are denied.

59.   As to the allegations contained in paragraph fifty-nine of the Complaint, they are denied.

60.   As to the allegations contained in paragraph sixty of the Complaint, they are denied.

61.   As to the allegations contained in paragraph sixty-one of the Complaint, they are admitted.

62. As to the allegation "into the holding cell area" contained in paragraph sixty-two of the Complaint, the Defendants deny knowledge or information sufficient to for a belief; but admit all remaining allegation contained therein.

63. As to the allegations contained in paragraph sixty-three of the Complaint, they are denied.

64. As to the allegations contained in paragraph sixty-four of the Complaint, they are denied.

65. As to the allegations "[a]s a result of certain Defendants' use of excessive force on April 28, 2010, July 21, 2010; and July 27, 2010", and "[a]s a result of these injuries", and "resulting from these incidents", contained in paragraph sixty-five of the Complaint, they are denied; but as to all remaining allegations contained therein, including sub-parts a – e, the Defendants deny knowledge or information sufficient to for a belief and leave the plaintiff to his proof.

66. As to the allegations contained in paragraph sixty-six of the Complaint, they are denied.

**COUNT TWO: ALLEGED SUPERVIOSRY LIABILITY**

1-66. The Defendants hereby reassert and restate their responses to paragraphs 1 through 66 as if fully set forth herein.

67. As to the allegations contained in paragraph sixty-seven of the Complaint, they are denied as inaccurate and incomplete.

68. As to the allegations contained in paragraph sixty-eight of the Complaint, they are denied.

69. As to the allegations contained in paragraph sixty-nine of the Complaint, they are denied.

70. As to the allegations contained in paragraph seventy of the Complaint, the Defendants deny knowledge or information sufficient to for a belief and leave the plaintiff to his proof.

71. As to the allegations contained in paragraph seventy-one of the Complaint, they are denied.

72. As to the allegations contained in paragraph seventy-two of the Complaint, they are denied.

73. As to the allegations contained in paragraph seventy-three of the Complaint, they are denied.

74. As to the allegations contained in paragraph seventy-four of the Complaint, they are denied.

75. As to the allegations contained in paragraph seventy-five of the Complaint, they are denied.

76. As to the allegations contained in paragraph seventy-six of the Complaint, they are denied.

**PRAYER FOR RELIEF**

As to the Plaintiff's request for relief in this section of the Complaint and its sub-paragraphs 1 – 3, they are denied.

## AFFIRMATIVE DEFENSES

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the defendants raise the following affirmative defenses to the allegations contained in the plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants, in their individual capacity, acted reasonably and with the belief that under the circumstances with which they were faced, they were acting lawfully.  Therefore, they are entitled to qualified immunity from any judgment of monetary damages.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants, in their individual capacity, acted reasonably and with the belief that under the circumstances with which they were faced while in the courtroom of Judge Wenzel and were given directions by him that

they were acting lawfully.  Therefore, they are entitled to quasi-judicial immunity from any judgment of monetary damages.

### **FOURTH AFFIRMATIVE DEFENSE**

Any injuries, losses or damages which the plaintiff may have incurred as alleged in his Complaint, were directly or proximately caused by the plaintiff's own negligence and/or reckless conduct, which was a substantial factor in producing the alleged injuries and/or damages.

### **FIFTH AFFIRMATIVE DEFENSE**

To the extent the plaintiff seeks the recovery of money damages from the defendants upon the basis of negligence, the defendant state officials are immune from liability pursuant to Connecticut General Statutes Section 4-165 and the doctrine of sovereign immunity.

### **SIXTH AFFIRMATIVE DEFNSE**

The plaintiff's failure to take appropriate steps to mitigate his alleged injuries and damages requires a proportionate reduction in any award of money damages.

### **SEVENTH AFFRIMATIVE DEFENSE**

Any of the alleged actions of the defendants in using force against the plaintiff were justifiable and authorized pursuant to Connecticut General Statute §53a-17.

### **EIGHTH AFFIRMATIVE DEFENSE**

Any of the alleged actions of the defendants in using force against the plaintiff were justifiable and authorized pursuant to Connecticut General Statute §53a-19.

## **NINTH AFFIRMATIVE DEFENSE**

Any of the alleged actions of the defendants in using force against the plaintiff were privileged pursuant to Connecticut General Statute §53a-22.

DEFENDANTS
Victor Corley, et al

GEORGE JEPSEN
ATTORNEY GENERAL


BY:        /s/ Robert B. Fiske, III
           Robert B. Fiske, III
           Assistant Attorney General
           110 Sherman Street
           Hartford, CT 06105
           Tel.: (860) 808-5450
           Federal Bar No. #ct17831
           e-mail: robert.fiske@ct.gov

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was filed electronically this, the 17th day of September, 2013. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail, postage prepaid to anyone unable to accept electronic filing. Parties may access this filing through the court's electronic filing system.

           /s/ Robert B. Fiske, III
           Robert B. Fiske, III
           Assistant Attorney General